There is one matter before the court this morning. We've led here to the usual time, 15 minutes per side. When the appellant approaches the mic, please let me know how much time you want for rebuttal. And please remember, this is LaSalle Street. It's noisy. Keep your voices loud so that we can hear you because you're going to be competing with the traffic. Call the case, please. Case number 13-3279 is on subject of the 13-3275 in the interest of C.W. and in the interest of A.R. and B.R. Please approach the bench. Good morning. May it please the court. I'm Janet Barnes, and I represent the children Candise, Annabelle, and Estephanie who are ages 12, 9, and 7. In these cases, there was no need for protective orders preventing the public guardian from keeping a copy of the children's forensic interviews. How much time do you want for rebuttal? Sorry, Your Honor. I'd like five minutes for rebuttal. In these cases, there was no need for a protective order preventing the public guardian from keeping a copy of the children's forensic interviews. As the attorney and guardian ad litem for the children, the public guardian has a duty to protect both the children's legal interests and their best interests. And under the Illinois Supreme Court rules, the public guardian is entitled to access to all relevant documents concerning the children. The public guardian could not sign a protective order that did not allow him to keep a copy of the children's forensic interviews. Why, counsel? Because the forensic interviews contained the children's own words and the children's own images concerning their sex abuse. I'm talking about after the case is over. Why do you need to keep it if during the course of the case, during any hearings, the trial, even an appeal, you can have it. The order just says to give it back after the appeals have been exhausted. The case doesn't end for the children at the end of the trial or the adjudication in the dispositional hearing. The children, as I said, are 12, 9, and 7. Potentially, their cases could be open in the juvenile court until they're 21 years old. The forensic interviews would be needed for, could be needed for issues of therapy concerning the children. And couldn't you get them still? I mean, didn't the judge allow you to come in and ask for them for forensic purposes to assist the children? The judge did say that, but there is no order requiring the state or anyone else to keep a copy of the forensic interviews. The state cites to the Local Records Act as authority that it has to keep a copy of the forensic interviews, but the local, but the forensic interviews don't meet the definition of a record under the Local Records Act. The Local Records Act defines a record as receipts of use of public funds. And so certainly the forensic interviews don't meet the definition of a record under that act. And because nothing requires the state to keep a copy or any other party to keep a copy of the forensic interviews, the public guardian just couldn't sign a protective order that required him to give up all access to the children's interviews. The public guardian's own retention policies are that he keeps the children's files until the youngest child in the case is 24 years old. Sometimes children come back and ask for them. Where do you keep those records? Are there any security measures provided in terms of keeping the records confidential? Yes, Your Honor. The trial court didn't ask the public guardian. The public guardian represented to the trial court that he could keep the forensic interviews safe, but the trial court never asked for any particulars or specifics. But the public guardian can secure the forensic interviews or the disks in a locked vault. He has a locked vault to do that. He also can keep it in a locked safe. The forensic interviews can also be kept in a locked supervisor's office, an attorney supervisor's office. I am asking this court to vacate the current protective orders only as they concern the children or in the alternative to remand with instructions to allow the public guardian to keep a copy of the forensic interviews and to also be able to share the forensic interviews with his agents as needed in order to preserve the children's interests. The DeVita C Court found that the public guardian actually had the option to sign the protective orders and receive a copy of the forensic interviews. We respectfully disagree. The public guardian could not sign the protective orders, as I said, because the case for the children is simply not over at the end of the trial or the dispositional hearing. The forensic interview might be needed in the future. I hate to interrupt you, but you said the state doesn't, there's no order that the state is required to keep them. If the court only wanted one person to keep them, couldn't you say require the state to keep them and then I can always get them if I need them to assist the child in the future? It's a matter of access for the child. You're asking, the child here is being denied access. The child is a party to these proceedings. And so it's the child. What do you mean the child is being denied access? Because the public guardian doesn't actually have a copy. If the child wanted to come in and actually see the interview or to get information from the forensic interview, it's not in the public guardian's file. You mean after the case is over? Or during the case. Well, you'd have your copy during the case if you signed the order. We can't sign the order because it requires us to give up all access to it in the future. I understand what you're saying, but I'm saying if the child wants to see it while the case is proceeding through the system, if you sign the order, you have it all the way through the appeal. Then you're required to turn it in. And then you can petition the court to get it back for the child, for services for the child, or for any legitimate purpose. You just come to the court and ask. But when the child court entered the protective order, there's nothing requiring the state? Now we're back to where I said if the judge tells the state, you have to be the only depository of this evidence, because we want to protect the best interest of the child. How do we say the judge abuses its discretion in doing that? In these cases, the trial court didn't say that to the state's attorney's office. So there is nothing requiring anyone to keep a copy past the dispositional hearings. In addition to the issue of the- But you didn't answer my colleague's question. How is it an abuse of discretion? How would it be an abuse of discretion? It's an abuse of discretion because the child doesn't have access to relevant discovery to their own words, and the forensic interview doesn't just capture the child's words about their own abuse. It also captures their demeanor to the questions that they're being asked. And again, these are things that the children might need in the future regarding therapy. It may be relevant for the public guardian with regards to a return home motion that the parents filed. If for some reason the trial court later determines that the children cannot safely be returned to the parents, and there is a termination of parental rights petition filed, the forensic interview could be very relevant in that proceeding. In addition to not being able to keep a copy, not having a copy for preparation for trial is an unreasonable restriction. In these particular cases, the public guardian did in fact go to the state attorney's office to review the forensic interview. Can you explain why that is an unreasonable restriction? The children need a safe and confidential place to discuss their abuse in preparation for trial, and the public guardian cannot confidentially review the forensic interview with the children or any other witness while sitting in the state attorney's office. Occasionally the public guardian consults with outside expert witnesses. Not all expert witnesses are local. Not all expert witnesses are able to travel to the state attorney's office. And having to bring a consulting expert witness to the state attorney's office might tip the public guardian's hand with regards to his trial strategy, trial strategy that he just does not want to reveal. In addition to that, there are other non-attorney staff members in the public guardian's office that might need to review the forensic interview in order to assist the public guardian staff, such as child interviewers, nurses, psychologists. But they can't review the forensic interview without attorney supervision or public guardian's supervision. And it's just not practical for the public guardian to have to go to the state attorney's office every time he wants to view the forensic interview. All of that is assuming that, because you won't sign the order. All of that is because you won't. If you sign the order, you can do all of that. But again, our position is that we can't sign it because we have to give up future access. Yeah, I understand. It's just something that may possibly happen in the future, and therefore you won't sign. That is correct, Your Honor. The DeVita C Court and the state claim that the public guardian could move the trial court ex parte to make an additional copy of the forensic interview if he wanted to consult with an expert witness about the case. One, there is no authority that allows the public guardian to have ex parte communication with the trial court. The state cited to the Capital Crimes Litigation Act as authority that would allow the public guardian to have an ex parte communication with the trial court, but that act was repealed several years ago. Also, there's no guarantee that even if the public guardian asked the trial court to grant such an ex parte motion, that the trial court would do so. And third, the trial court doesn't have a copy of the forensic interview. The state's attorney's office has the forensic interview. So even if the court granted it, the court would have to order the state's attorney to give a copy to the public guardian to make an extra copy, which again is revealing the public guardian's trial strategy. The state's request for the protective order concerning these forensic interviews is a fairly recent development in the juvenile court. In the past, the public guardian, the state has given the public guardian, as well as all the other parties, a copy of the forensic interview. The public guardian has always safeguarded the forensic interviews. He's never lost control of a forensic interview. In fact... You don't know if somebody downloaded it or copied a part of it while they were looking at it. I think that's what the order's directed to. Not that you would do anything to it, but someone that you'd allow to have access to it might duplicate it. And this child might have what happened to them spread abroad. And that's the concern. Not that you have it, but that anyone you allow has it has to acknowledge the protective order and sign it. And the public guardian would agree to make any of his agents comply with the conditions of the protective order. The rules of professional conduct require the public guardian to protect all of the children's information in his file, not just the forensic interviews. The public guardian's files contain minors' medical records, the parents' medical records, children's therapy reports, parents' therapy reports. And he is responsible to protect all of that information. And he can secure it, as I said. So in this case, there just was no need for protective orders. Counsel, how do you get past this First District's recent case of division? Again, we respectfully disagree with that decision. And that decision is not binding on this particular division of the First District Appellate Court. Pardon me. It is what? It's not binding. The state in this case compares the forensic interviews to pornography in criminal cases. This is not a criminal case. And the forensic interviews are not contraband in the same manner in which pornography is in a criminal case. And unlike a victim in a criminal case, the children are actually parties to these proceedings, and they are being denied access to their own statements and images with regards to their own child abuse. Even in the NRA DP and the New Jersey Sculls case that the state side to, even though the parents in that case and the criminal defendant in that case were not allowed to have access to the sensitive material, the attorneys were not denied access to the material. In the Sculls case, the criminal defense attorney had to make a preliminary showing that he could keep the sensitive material safe. But once he had made that showing, the court ruled that he was allowed to have a copy of the material and complete access to the material. Again, the public guardian can and will secure and protect the children's forensic interviews, so there just was no need for the protective order in this case. And I ask this court to vacate the protective orders as they concern the children only, or in the alternative, to remand the cases with instructions to allow the public guardian to keep a copy of the forensic interviews and to share the forensic interviews with his agent as needed in order to preserve the children's interests. Thank you. Good morning. May it please the court, my name is Nancy Kosicki, and I'm an assistant state attorney representing the people of the state of Illinois. The DVDs that are at issue in this appeal show young girls talking about having been sexually abused, and even the public guardian agrees that that's sensitive material. I'm sorry. It's not a mic. It's just a recording device. Oh, thank you. Okay. During the discovery process in these two cases, the juvenile court entered protective orders that accommodated the needs of counsel representing their clients, but that also included reasonable restrictions to minimize the risk that the material that was being tendered would be improperly released. Is there something that triggered the use or the request for these protective orders? Counsel for public guardian indicated this is a new thing. It's, what I know is that it's an office-wide policy, and that there are other sections of the office as well that are, that these protective orders are being entered in. And I know from the format of the protective order that one of the things that the public guardian complained about is that it mentions defense. It mentions what? That the protective order talks about the defense of this case, that the attorney's use of a document in defense of a case. So it's, you know, our office does use protective orders in other settings as well. Counsel, the victim-sensitive interviews are not new. So why now? All I can say is that when the assistant state's attorney was asked in the record that kind of question, she said, this is office-wide policy. We have been doing this. This kind of order has been entered in previous cases and even in this very courtroom. And no one contested that. So I'm unfortunately limited by what is in the record there. The, this court would only alter the parameters of a protective order on appeal if there had been an abusive discretion, meaning that no reasonable person could adopt the view that was taken by the circuit court. And in this case, it's clear that there was no abusive discretion. We're urging the court to affirm the protective orders just as the third district, third division, excuse me, recently did in a similar order entered by the same trial court judge in the In re Divicia C case. As far as you know, there has been no abusive discovery that triggered this? That's correct. And under Rule 201, which is the rule that we cited in asking for the protective order, you don't have to show that you're anticipating abuse. It can be for the purpose of prevention. The rule says it allows the court to enter a protective order as justice requires limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression. So what is reasonable about this that you're trying to protect? I mean, from that phrase that you just used, in order to prevent, read the sentence again? To prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression. So the ones I would choose. So what is it in this case? Certainly embarrassment. To use those factors that you just finished. Because the DVD is, you know, as opposed to the same information contained on paper, it's uniquely susceptible to reproduction. And I understand that paper can also be put on the Internet. But for people who might want to abuse this and actually put it on the Internet,  Like a pedophile looking at a kid. Thank you. VSIs are used in criminal cases all the time. They're children who have been abused or sexually assaulted. People have been charged with rapes, and those children have been given a VSI, and they've been used in criminal courts for years. I don't know about juvenile court. I sat at 26th Street for 18 years. And certainly you don't want to see the image of a child talking about their sexual abuse. That's embarrassing. Right. So it's our position. But this is civil, and there's been no history as far as you know, and these things have been preserved in this manner for years. Isn't that correct? I'm sorry, the VSIs have been preserved in this manner for years? I wish I could talk more about historical things. I don't know the answer. I know what the procedures are now, and I know that there is good reason for the procedures and there's a good reason for the protective order that was entered in this case, and it's not an abuse of discretion, because certainly you can't say no reasonable person would have entered an order like this. But was there an abuse of discovery is what I asked you, not discretion. No, no. No one was suggesting that there was an abuse of discovery that had already occurred, and no one that I recall seeing in the record was suggesting that the public guardian or any of the attorneys intended to abuse discovery. So then what is the rationale that one lawyer would have to go to another lawyer's office in order to secure information about their client or to view information about their client? Where is the precedent for that, and what is the rationale for it? Why would that burden be placed on the lawyer for the children to have to go to the other lawyer for the state to their office in order to review those documents or have their expert witnesses review those documents? Right. They don't have to do that. The protective order that the juvenile court entered accommodates, it reasonably accommodates the need of the public guardian for discovery, the need of the public guardian to actually have the DVD in their possession. They can have it all throughout while they're preparing for adjudication. They can have it through disposition. They can have it through any appeal. If they take certain steps such as signing for it or making a request to the court, I mean additional steps, the question is why would all of those additional steps be necessary? Because the material that we're talking about is so sensitive and so susceptible. But the material has been sensitive. The public guardian has been handling sensitive materials since its inception. That's why it exists in order to protect the children and represent them in sensitive matters. All right. What's new? Even if there's nothing new, I don't think this order is an abuse of discretion. I don't think you could say that no reasonable person would have adopted it. I don't think you have to show that you anticipate that somebody is going to abuse it in order to get an order of protection under Rule 21. Well, what are you protecting if not abuse or future abuse? Right. I mean why have an order of protection if there is no history? Because things can happen inadvertently. And the more copies of the DVD are out there in more locations. And could not inadvertently happen in the state's attorney's office as well. Not under the procedures that we use. Why not? Because the DVDs are created at the Child Advocacy Center. And our office is the custodian of the DVD at the Child Advocacy Center. We keep it in a locked location there. And the public guardian doesn't have locked facilities that they can have access to? They didn't offer that on this record. And so that wasn't something that was available to the court. Perhaps if they had come forward and explained what their procedures were, then maybe the court would have felt it's not necessary. But we're not just talking about the public guardian. We're also talking about the attorney for the mother, the attorney for the father, and the attorney for the legal guardian. And each of them are entitled to discovery. And so if the public guardian had been the one to secure an order of protection in order to protect these records, the state's attorney's office would not have been immediately in opposition to that, in order to review these materials as a lawyer from one lawyer to the next. I have trouble with that hypothetical because the DVD essentially is our record. So we are tendering it in discovery to the other attorneys. So the public guardian isn't in the position of tendering that information to us. If they were, I just have trouble with the hypothetical. If they engendered a record that was sensitive in nature and that you wanted to see and they asked the court to issue that same order of protection, then the issue would be on the other foot and you as a lawyer would have to be going to their offices and signing a record or a document asking for access to their sensitive materials. We would have a choice between signing an acknowledgement of a protective order and receiving our own copy to use in preparation for trial or of having to go to the public guardian. I'm just trying to see the fairness of it. Okay. I think that would be fair. One of the issues that the public guardian brought up that I don't want to forget to address is that they're concerned that the record won't be retained by our office. In their reply brief, they argued that the VSI is discovery and the argument seemed to be that discovery becomes part of the juvenile court records but juvenile court records aren't public records. What the public guardian is missing is that the VSI is already part of the state's attorney's office's records and our records are public records and the Local Records Act requires us to keep that VSI and we will keep it. If the public guardian wants further assurance that it will be retained, then he can do what they were talking about, which is ask the court to enter an order that we retain it. But even as it stands, without that kind of an order, we will be keeping the VSI. For a certain period or what time period are we talking about? For an indefinite period. I'm in a little bit of an awkward position because there is a document that requires us to keep it for a certain period of time. The Local Records Act governs the records and our office then enters into... There's an agreement between our office and the local records authority that lists how long we're going to keep each kind of file. And one of the kinds of files that's contained is... What it states on there, if you'll permit me to say, is that we keep them until a year after the child reaches legal age. I think legal age is the term. So we're not allowed to destroy those records and we do keep them for a very long time and the public guardian and any other party that signs the protective order and returns their DVD when the case is over can be assured that that's going to be available. If they want further assurance, they can ask the juvenile court to enter an order that directs us to keep it for longer. And it seems to me that that's the major reason that they've objected to signing the acknowledgement and receiving the protective order and since that's not a concern, it's not a concern. It is true that under the protective order the attorneys aren't allowed to keep the DVD indefinitely but instead what the protective orders do is ensure that once adjudication and disposition and any appeal are over, the DVD and any copies of it will be returned to the state's attorney's office where they're kept together in one secure location rather than staying in the files of the various attorneys that needed them at one point to prepare for adjudication. And the court did explain how to get a copy later if that was needed. That provision in the protective order and the other provisions is sensible and reasonable and it's not an abuse of discretion. Again, the parameters of the protective order can only be altered on appeal if there's an abuse of discretion so that no reasonable person would adopt the view that's taken by the circuit court. In these cases, the public guardian chose to take a stand against the protective orders that the juvenile court was entering to protect his clients. And he's entitled to do that but the position he chose is not reasonable and the protective order is reasonable. So we're asking that you find there was no abuse of discretion and asking that you affirm. Counsel, one of the things not discussed in great detail, or in any detail, in DeVita C is appellate jurisdiction. Do you believe that we have jurisdiction? Well, the public guardian filed the appeal under Rule 307 as an injunction and we didn't contest that. So we're not contesting the court's jurisdiction under Rule 307. Thank you. Thank you, Counsel. Governor? Your Honor, I do believe this court has jurisdiction under Rule 307. The protective orders are not final custody orders. They are discovery orders, an injunctive in that they restrain the public guardian's actions. So I do believe this court has jurisdiction to hear this case under Rule 307. The state is correct that in the past there have been protective orders in the juvenile court regarding the forensic interviews, but the protective orders never prevented the public guardian from keeping a copy of the forensic interviews. That is what is new about these protective orders. And, again, the public guardian is willing to sign a protective order that allows him to keep a copy of the forensic interviews in the children's files. The protective orders in this case put the public guardian between a rock and a hard place. He has to agree to give up the protective order in order to get it in the first place. And I am asking this court to vacate those protective orders as they concern the children or, in the alternative, to remand the cases with instructions to allow the public guardian to keep a copy and to share them with his agents. Thank you. Thank you, counsel. This matter will be taken under advisement.